**S. Christopher ANDERSON,**
**Plaintiff–Appellant,**

v.

**OHIO STATE UNIVERSITY, et al., Defendants–Appellees.**

No. 01–3180.

United States Court of Appeals,
Sixth Circuit.

Dec. 5, 2001.

Before MERRITT, CLAY, and GILMAN, Circuit Judges.

S. Christopher Anderson, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983 and 1985, and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Anderson sued Ohio State University (OSU) and several OSU employees, alleging that: 1) the defendants violated his procedural and substantive due process rights when they revoked his tenure and terminated his employment; and 2) the defendants violated his rights under state law, including subjecting him to gender discrimination, civil conspiracy and intentional infliction of emotional distress. Upon review, the district court concluded that Anderson had failed to state a due process claim, and that it lacked jurisdiction to consider his state law claims. Hence, the court granted the defendants' motion to dismiss the complaint.

Anderson has filed a timely appeal, essentially reasserting his claims. He also maintains that the district court improperly cited to the defendants' post-hearing brief for several factual conclusions (filed following his termination hearing), instead of relying on the hearing panel's decision.

The district court's judgment should be affirmed for the reasons stated therein. This court reviews de novo a district court's dismissal of a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir.1999).

■ The district court properly determined that the defendants were entitled to qualified immunity. *Yates v. City of Cleveland,* 941 F.2d 444, 446 (6th Cir.1991). In general, government officials are entitled to qualified immunity when performing discretionary functions as long as the conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Sova v. Mount Pleasant,* 142 F.3d 898, 902 (6th Cir.1998). Here, the defendants' conduct did not violate any clearly established statutory or constitutional right, for the reasons explained in more detail below.

■ Anderson's allegations do not state a procedural due process claim because the defendants provided him with notice of the charges against him and they provided him with an adequate hearing. *Johnston–Taylor v. Gannon,* 907 F.2d 1577, 1581 (6th Cir.1990). While Anderson argued, in part, that his due process rights had been violated because OSU violated its own rules and procedures, such allegations do not establish a cognizable constitutional violation. *Purisch v. Tennessee Tech. Univ.,* 76 F.3d 1414, 1423 (6th Cir.1996).

■ Anderson also did not state a substantive due process claim because he did not sufficiently allege that the defendants conducted his termination proceedings in an arbitrary or capricious manner. *Tonkovich v. Kansas Bd. of Regents,* 159 F.3d 504, 528 (10th Cir.1998). During his termination hearing, Anderson was permitted to call witnesses and to cross-examine OSU's witnesses. He also had the assistance of counsel during the hearing. Moreover, there were six stages of review before OSU ultimately decided to terminate Anderson's employment. In addition, while Anderson argued that defendants Jones, Fourman, Schurtz, Bieri, Moser, Andrews and Ninos were biased against him, nothing in the record indicates that these defendants were decision-makers in the termination process following Anderson's panel hearing.

■ Anderson did not state a claim under § 1985 because his conspiracy allegations are vague, conclusory, and unsupported by any facts or evidence. *Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996); *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987). Furthermore, the dismissal of Anderson's conspiracy claims was proper because he did not allege that the defendants were motivated by an intent to discriminate on the basis of race or some

other class-based invidiously discriminatory animus. *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir.1992).

■ The district court properly dismissed Anderson's state law claims for lack of subject matter jurisdiction. The Ohio Court of Claims Act requires that state law claims brought against state employees in their personal capacities must be filed first in the Court of Claims. *See* Ohio Rev.Code § 2743.02(F); *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir.1989). Anderson does not dispute that he did not first file his state law claims in the Court of Claims.

■ Finally, we conclude that the district court's erroneous citation to the defendants' post-hearing brief does not warrant reversal of the district court's judgment. The record does reflect that the district court erroneously cited to the post-hearing brief in at least three instances, and attributed the statements to the hearing panel's written recommendation. However, these errors were harmless as the panel clearly concluded that Anderson's actions involving a minor female student constituted grave misconduct and that the misconduct warranted terminating Anderson's employment. Despite the district court's error in this regard, the court properly concluded that Anderson had not stated any claim upon which relief could be granted.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.